The joint special committee to whom was referred the petition of John H. Sullivan that certain votes cast for councillor in the fourth councillor district be counted for him, and that he be declared elected councillor from said district, begs leave to report as follows: —
The original return of the Board of Election Commissioners stated that —
Isaac B. Allen of Boston had .... 22,817 votes.
John H. Sullivan of Boston had .... 22,477 votes.
John W. O’Ryan had. 1 vote.
*100 Thereafter a recount was had, as provided in the statutes, and by an amended return the Board of Election Commissioners stated that —
Isaac B. Allen had 22,736 votes.
John H. Sullivan had 22,670 votes.
John W. O’Ryan had 1 vote.
The committee of the whole council examined the return, as provided in Article XVI. of the Amendments to the Constitution, and reported as follows : —

Fourth District.

Isaac B. Allen of Boston (Republican) had . . 22,736 votes.
And appears to be elected.
John II. Sullivan of Boston (Democratic) had . 22,670 votes.
All others,. 1 vote.
Thereafter, under the provisions of said article, a summons was issued to Mr. Allen to attend the General Court and receive the oaths of office.
The petitioner in his petition alleges that certain votes which should have been counted for him by the Board of Election Commissioners were improperly rejected by said Board, and not counted at all. These ballots, he alleges, were marked substantially as follows: —

He alleges further that the number of votes so rejected, if counted for him, was sufficient to give him a plurality over Mr. Allen.
It was contended by counsel for Mr. Allen that under the Constitution the Legislature has no authority to go behind the returns provided for in Article XVI. of the Amendments to the Constitution, or to examine the ballots originally cast. Upon this question there was a difference of opinion in the committee, but the committee considered that a determination of this important constitutional question was not required for the proper disposition of the petition in question, for the following reasons: —
*101 Assuming, for the purpose of this case, that the committee has a right to go behind the returns and examine the original ballots, the committee, following .the precedent established by the case of Rice v. Welch, heard before a joint special committee of the Legislature in 1868 (Loring & Russell Election Cases, 128), in which the seat of a councillor was contested, is distinctly of the opinion “ that the exercise of the right to go behind the returns is allowable only upon satisfactory preliminary proof of such substantial facts or well-founded causes of suspicion as would induce strong conviction that fraud or mistake, prejudicial to the contestant, might appear upon such examination; and that, in the absence of such preliminary proof, or even of an allegation thereof, the returns of the city and town officials who are sworn officers, should stand as conclusive.”
After examining the error alleged in the petition and hearing a preliminary statement from the counsel for the petitioner, the committee had no doubt that ballots marked substantially as described in the petition should not be counted for the petitioner, but were properly rejected by the Board of Election Commissioners ; and it therefore has come to the conclusion that no prima facie case of mistake, sufficient to call for an inspection, of the original ballots, was made out in the petition ; and, therefore, without passing upon the question whether, if such preliminary proof or prima facie case had been made out, the committee representing the Legislature would have had the right to examine the ballots, the committee recommends that the petitioner have leave to withdraw.